UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PATRICK CRY,

    Defendant.
_____/

Case No. 18-20539

Hon. George Caram Steeh

OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE SENTENCE (ECF NO. 30)

Before the court is Defendant Patrick Cry's motion to vacate sentence, brought pursuant to 28 U.S.C. § 2255. Cry, who pleaded guilty to a drug offense, alleges that his attorney was ineffective. For the reasons explained below, Defendant's motion is denied.

BACKGROUND FACTS

On August 23, 2018, Cry pleaded guilty to Count One of the information, which charged him with conspiracy to possess with intent to distribute and to distribute 280 grams of crack cocaine. Cry played a lead role in a "dial-a-dope" drug trafficking organization. He supplied drugs to runners, whom customers could contact by cell phone. The runners

delivered the drugs to the customers and returned the proceeds to Cry. The government described Cry's organization as an "extensive and well-funded" organization of at least twenty individuals. *See* ECF No 17 at PageID 55-56.

At sentencing, Cry faced a mandatory minimum of 120 months, and a guideline range of 135-168 months. Application of the career offender enhancement, pursuant to U.S.S.G. § 4B1.1(b), resulted in a guideline range of 262-327 months. The court determined that this range would result in an "extremely harsh" and "greater than necessary" sentence. ECF No. 28 at PageID 171. After considering the § 3553(a) factors, the court sentenced Cry to 144 months in prison.

Cry alleges that his counsel was ineffective during the plea and sentencing stages because he advised Cry to plead guilty to possession of 280 grams of crack cocaine, without investigating or challenging the drug quantity. Cry also alleges that his attorney failed to object to inaccuracies in the presentence report.

## LAW AND ANALYSIS

I.   Standard of Review

To present an ineffective assistance of counsel claim under 28 U.S.C. § 2255, Defendant must show that (1) his attorney's performance was

seriously deficient and (2) this deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show that counsel's performance was deficient, Defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id*. at 688. In applying this standard, "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 695.

Counsel's deficient performance results in prejudice if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To satisfy the prejudice requirement in the context of a guilty plea, the defendant may "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant may also demonstrate prejudice by showing "a reasonable probability that, with proper advice, the outcome of those [plea] negotiations would have been different." *Rodriquez-Penton v. United States*, 905 F.3d 481, 490 (6th Cir. 2018).

As the Supreme Court has emphasized, a defendant must clear a high bar to demonstrate ineffective assistance of counsel in the guilty plea context:

> "Surmounting *Strickland*'s high bar is never an easy task," and the strong societal interest in finality has "special force with respect to convictions based on guilty pleas." Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.

*Lee v. United States*, 137 S.Ct. 1958, 1967 (2017) (citations omitted).

To satisfy the prejudice requirement in the context of sentencing, a defendant must show that counsel's errors resulted in a longer sentence than would otherwise have been imposed. *See Glover v. United States*, 531 U.S. 198, 204 (2001); *Ramirez v. United States*, 799 F.3d 845, 855 (7th Cir. 2015) ("An attorney's failure to object to an error in the court's guidelines calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance.").

II.  Analysis

Cry alleges that his attorney was ineffective because he failed to investigate the drug quantity that he was charged with distributing. Cry was

charged with and pleaded guilty to distributing more than 280 grams of cocaine base. At the plea hearing, his attorney specifically asked whether "the amount that was distributed or the intent to distribute or actually distributed was in the amount of excess of 280 grams?" ECF No. 29 at PageID 193. Cry responded, "Yes, sir." *Id.*

Despite this express admission, Cry argues that his attorney should have investigated the drug quantity and that the government should have been required to prove the amount. Cry's contention is without merit. The government provided Cry with discovery, including statements from confidential informants who sold drugs on behalf of Cry and purchased drugs from him. *See* ECF Nos. 35-1, 35-2. One informant stated that he sold a "few birds," or a kilo, of narcotics on behalf of Cry over a period of ninety days. ECF No. 35-1. Another informant observed Cry breaking down and packaging a "fist sized" amount of crack cocaine, estimated to weigh about two ounces. ECF No. 35-2. Cry admitted that he was involved in the conspiracy for a period of one year and that he supplied crack to various "runners," who worked in shifts to sell the narcotics and deliver the proceeds to Cry. ECF No. 15 at PageID 33-34. The government's evidence indicates that the 280-gram drug quantity charged in the information, and to which Cry specifically pleaded guilty, was a reasonable estimate and was

not beyond the government's capability to prove. Further, as set forth in the plea agreement, the conspiracy involved between 840 grams and 2.8 kilograms of cocaine base, which resulted in a base offense level of 32. *See* ECF No. 15 at PageID 43, Worksheet A. Cry does not provide evidence that the drug quantity for which he pleaded guilty was incorrect.

Even accepting Cry's argument that his counsel should have somehow "investigated" the amount or disputed it, in light of the government's evidence, this alleged failure was not prejudicial. Cry provides no reasonable basis for the court to find him responsible for less than 280 grams of cocaine base or that his base offense level was incorrectly calculated. His attorney's alleged refusal to raise this non-meritorious issue with the court does not constitute ineffective assistance. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir.), *cert. denied*, 571 U.S. 992 (2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").

Cry also argues that his counsel failed to object to the pre-sentence report (PSR). He provides text messages in which he instructed his attorney to object to various paragraphs in the PSR, which his attorney failed to do. Cry does not, however, specify the alleged inaccuracies in the PSR. To the extent the alleged inaccuracies relate to the drug quantity,

Cry's argument is unavailing for the reasons stated above. Cry also suggests that his attorney should have challenged his designation as a career offender, but does not provide any reason why this designation was incorrect. In any event, the court did not sentence Cry based upon the career offender guideline range of 262 to 327 months, but imposed a sentence of 144 months. Cry has not demonstrated that his attorney's failure to object to alleged inaccuracies in the PSR resulted in a longer sentence or was otherwise prejudicial.

Finally, Cry contends that his plea was not knowing or voluntary because he did properly understand the elements of the offense, that is, the quantity of drugs for which he would be held accountable. This alleged lack of understanding is belied by the terms of the plea agreement, in which Cry expressly admitted to conspiring to possess with the intent to distribute "280 grams or more" of cocaine base. ECF No. 15 at PageID 33. The agreement further informed Cry that "[d]ue to the quantity of cocaine possessed by the defendant, a *mandatory minimum sentence* of **120 months** is applicable." *Id.* at PageID 35 (emphasis in original). Cry was also asked specifically whether he was pleading guilty to distributing an amount in "excess of 280 grams" at the plea hearing. ECF No. 29 at PageID 192-93. The court informed Cry that the government has the

burden to prove each element of the charge beyond a reasonable doubt and that the elements included "that the object of your agreement was to possess with the intent to distribute and to distribute 280 grams or more" of crack cocaine. *Id.* at PageID 188-89. Cry's assertion that he was somehow unaware that this drug quantity would be attributable to him, or that the government had the burden to prove the amount, is contradicted by the record. Further, any alleged misunderstanding was cured by the information provided to him during the plea colloquy. *See Cadavid-Yepes v. United States*, 635 Fed. Appx. 291, 299-300 (6th Cir. 2016). "[T]he district court's proper plea colloquy 'cure[s] any misunderstanding [a defendant] may have had about the consequences of his plea.'" *Id.* (quoting *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999)).

Cry essentially suggests that his attorney should have negotiated for a lower drug quantity in the plea agreement. As discussed above, Cry provides no basis for a lower amount. Further, any suggestion that the government would have offered a plea agreement based upon a lower drug quantity is mere speculation. *See, e.g., Valeriano v. United States*, 2019 WL 1271030 at *5-6 (W.D. Tenn. Mar. 19, 2019) (assertion that counsel could have obtained a "better" plea deal by talking the government into promising a downward departure is "rank speculation, sheer conjecture,

and wishful thinking") (citing cases); *cf. Rodriguez-Penton*, 905 F.3d at 488 (suggesting that prejudice prong can be met by "showing similar plea agreements that were reached by others charged with the same crime"). Under the circumstances, Cry has failed to establish that, but for his counsel's errors, the result of the plea negotiations would have been different. *Cf. Lee v. United States*, 137 S.Ct. 1958, 1967 (2017) (attorney erred by failing to inform defendant that accepting the plea would lead to mandatory deportation).

In sum, Cry has not demonstrated that his counsel's performance was deficient or that it prejudiced his defense. Under the circumstances, an evidentiary hearing is not required. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (citing *Fontaine v. United States*, 411 U.S. 213, 215 (1973)) ("[E]videntiary hearings are not required when, as here, the record conclusively shows that the petitioner is entitled to no relief.").

## ORDER

IT IS HEREBY ORDERED that Cry's motion to vacate sentence (ECF No. 30) is DENIED.

The court declines to issue a certificate of appealability, because Defendant has not "made a substantial showing of the denial of a

constitutional right," for the reasons stated above. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22.

Dated: December 1, 2020

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 1, 2020, by electronic and/or ordinary mail and also on Patrick Cry # 56363-039, FCI McKean, Federal Correctional Institution, P.O. Box 8000, Bradford, PA  16701.

s/Brianna Sauve
Deputy Clerk